Judge Underwood
delivered the opinion of the Court.
On the 10th of February* 1818, Bowles Harris, executed an obligation, binding himself to convey 100 acres of land to John Henson, on or before the 10th of August, 1820. On the same day, *383 Henson executed an obligation, binding himself to pay Harris $400 (being part of the consideration for the land) on or before the 10th of August, 1820.
Henson, on the 19th of August. 1819, assigned the bond on Harris, for the title, to Levi Kidwell. On the 14th of December, 1819, Harris assigned the bond on Henson, for $400, to William Harris, in pavment for a tract of land, which he agreed to convey to his assignor.
Bowles Harris having failed to malee the title, on the 10th of August, 1820, according to the stipulations of his bond, Kidwell, the assignee, instituted an action thereon, and recovered $646 74, besides costs. Bowles Harris filed his bill, enjoining the collection of this judgment. He asked a specific execution of the contract, and if that could not he granted, he praved, that the amount due on Henson’s bond, for $400, and which he alledged had never been paid, might be set off against so much of the judgment. He charged that Henson and Kidwell were both insolvent.
Kidwell answered, resisting the specific execution of the contract, upon the ground that the complainant had no title, either legal or equitable, and that the land had depreciated in value. He resists the set-off, upori the ground that the complainant did not own the $400 bond, having assigned it to William Harris. He denied the insolvency of Henson and himself, as charged.
It appears that William Harris filed his hill, after he became the assignee of the bond, for $400, on Henson, with a view to subject the land sold by Bowles Harris to Henson, to the payment of the debt. But, finding as he alleged in an amendment to his bill, that Bowles Harris had no title, and that the lien was worthless, he endeavored to charge Bowles Harris personally, as the assignor. Bowles Harris made his answer a cross hill, and endeavored to perfect- his title. William Harris dismissed his bill, and thereafter Bowles Harris dismissed his cross bill, and these suits thus terminated without decid* ing ány thing.
Chancnllor will not by enforcing a specific execution of the contract, relieve again«t a judgment at law fairly obtained thro’ the negligence of the covenantor to con-fey.
William Harris then instituted an action of ejectment, to recover the land which he liad agreed to convey to Bowles Harris, in consideration, of the bond, for $400, ón Henson. Bowles Harris -filed his bill, enjoining the proceedings in the action of ejectment, and prayed for a specific execution of the contract. William Harris resisted this in his answer, in the nature of a cross hill, upon the ground that five $400 bond on Henson, had hot been paid, and that he had been induced to accept, it, in consequence of fraudulent representations made by Bowles Harris. Bowles Harris, in answering the cross bill, denies making any fraudulent statements, and insists that he is not liable as assignor of Henson’s bond. This suit is undetermined, and yet pending in the Estili Circuit Court.
We cannot relieve Bowles Harris from the effect of Kidwell’s judgment by a specific execution of the contract. When the judgment was-obtained, Harris had- no title, and did not procure it. for some years afterwards. He admits in answer to. William Harris’ bill, that the land had depreciated impriee, and seems to reproach him for not enforcing a lien on the land, when it would have sold high. We cannot, therefore, under the doctrines established in the'case of Oldham vs. Woods, III Mon. 47, relieve Bowles Harris from the consequences incident to the violation of his covenant, by executing the contract.
There is no ground for allowing the set-off claimed by Bowles Harris. The note on Henson for $400 is not his. Whether he will ever he liable to his assignee, for the amount, is a matter not settled. It is a question litigated in the pending suit between him and William Harris, in the Estili Circuit Court, arid is not fairly and properly presented'for adjudication in this cause. If, as he contends, lie is not liable ns assignor, then he will obtain a title for the land sold hi'ti bv William Harris. If. however; he should be belli Pablo, or that contract should be rescinded, he w’dl lie thrown upon Henson for indemnity. If Hensc-, is insolvent, and he cannot make the money out-, hi'ii or out of Kidv ell, as a do'-tor of Henson, after he shall have become entitled to the bond for. *385 §400, by satisfying William Harris, then he must sustain the loss, because of the attitude he has voluntarily assumed.
Hanson, for appellant; Turner, for appellee.
The failure to decree the possession to Bowles Harris, is not erroneous, because it is in proof that Kid well has abandoned the possession, and that it is within the power of Harris to resume the possession whenever he pleases. The amount allowed for rents, is as large as the proof will justify.
We perceive no ground to disturb the decree; wherefore, it is affirmed with costs and damages.